**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Bledsoe, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Central Credit Holdings, Inc.; Central Credit Services, Inc.; and James J. Eccleston, in his individual capacity,<br><br>Defendants. | No. CV-11-215-PHX-DGC<br><br>**ORDER** |

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff has filed a motion to strike the affirmative defenses asserted by Defendants in their amended answer. Doc. 21. The motion is fully briefed. Docs. 24, 35. No party has requested oral argument. For reasons stated below, the motion will be denied.

The affirmative defenses (Doc. 16 at 14-16) are insufficient, Plaintiff argues, because they are without factual basis or a showing of plausibility as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Doc. 21 at 4. Recognizing that *Twombly* addressed only the sufficiency of a complaint under Rule 8(a), Plaintiff argues that the *Twombly* pleading standard should apply equally to affirmative defenses. *Id.* The Court previously has rejected this argument, concluding that any extension of *Twombly* should be left to the Supreme Court or this Circuit. *See Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010).

The pleading of affirmative defenses is governed by Rule 8(c)(1).  That rule requires the responding party to "state" any affirmative defense, and lists, in bullet-point fashion, certain specific defenses covered by the rule.  Significantly, the language in Rule 8(a) requiring a short and plain statement of the claim "showing" the pleader is entitled to relief is found nowhere in Rule 8(c)(1).  *See J & J Sports Prods., Inc. v. Khachatrian*, No. CV-10-1567-GMS-PHX, 2011 WL 720049, at *1 n.1 (D. Ariz. Feb. 23 2011); *see also* Fed. R. Civ. P. 8(b)(1)(A).  The Court continues in its view that the pleading standards enunciated in *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), have no application to affirmative defenses pled under Rule 8(c)(1).  *See Ameristar*, 2010 WL 2803907, at *1. "Application of *Twombly* and *Iqbal* to affirmative defenses would significantly change federal civil practice and likely increase the burden on federal courts."  *Schlief v. Nu-Source, Inc.*, No. 10-4477 (DWF/SER), 2011 WL 1560672, at *9 (D. Minn. Apr. 25, 2011); *see also Falley v. Friends Univ.*, No. 10-1423-CM, 2011 WL 1429956, at *4 (D. Kan. Apr. 14 2011).

"The decision to grant or deny a motion to strike is committed to the discretion of the Court."  *Wine Group LLC v. L. & R. Wine Co.*, No. 2:10-cv-02204-MCE-KJN, 2011 WL 1233132, at *1 (E.D. Cal. Mar. 31, 2011).   Motions to strike under Rule 12(f) are, however, "disfavored and infrequently granted."  *Bassett v. Ruggles*, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895, at *24 (E.D. Cal. Sept. 14, 2009).  The Court cannot conclude, particularly given Plaintiff's class action allegations, that the affirmative defenses asserted by Defendants are insufficient as a matter of law.  The Court will exercise its discretion and deny the motion to strike.

**IT IS ORDERED** that Plaintiff's amended motion to strike (Doc. 21) is **denied.**

Dated this 26th day of May, 2011.

_____
David G. Campbell
United States District Judge

- 2 -